Judge Grimke
delivered the opinion of the court:
There is no question with regard to the authority of the-trustees to execute this work. The act, 33 Ohio L. L. 220, expressly confers it upon them, nor is it pretended that the defendants in doing the act complained of, were not acting within the scope of this authority. Then the principle of law, that where individuals are exercising a power which the law has *given them they can not be made answerable for it in any form of action, applies It is a principle of universal application, and is absolutely necessary to the protection of all those in whom any public trust is confided. The case of Goodloe v. City of Cincinnati *508 does not contradict this position. There it was decided that when the corporation of a town acts illegally and maliciously to the prejudice of an individual, an action on the case for damages may be sustained against them. In Leader v. Moxton, 3 Wils. 461, a special action on the case was sustained against pavers for raising the street in the front of the plaintiff’s houses, by which the passage and lights to the houses were obstructed. In the British Glass Plate Manufacturers v. Meredith and others, 4 Dunf. & East, 789, this case is denied to be law, and Lord Kenyon even doubts the accuracy of the report of it. Prom the language of Gould, who speaks of the defendants having misdevieaned themselves in the trust confided to them, and of having committed an enormous injury to the plaintiffs, it may reasonably be inferred that they had exceeded the powers committed to them, and as the abuse of an authority given by the law renders the party a trespásser ab initio, the case, even as it is reported, is reconcilable with the general principle of law. At any rate, if it is intended to carry any further meaning than this; it can not be considered as law, and it is contradicted by nearly the whole current of English and American authorities. The case last mentioned from Dunford & East was nearly the same as in Wilson. It was an action on the case against commissioners appointed by a paving act; and it was decided that neither they, nor any persons acting under them, were liable for any injury occasioned to the plaintiffs by altering and raising the street. Lord Kenyon said, “if this action can be maintained, every turnpike act, paving and navigation act, would give rise to an ' infinity of actions; some individuals suffer an inconvenience under these acts ; but the interests of individuals must give way to the public welfare.” Callender v. Marsh, 1 Pick. 418, was precisely the same as the ease before the court, and it was there decided that “ a surveyor has authority, by the statute, to dig down or raise a street, and if he does it with discretion, and not wantonly, a party injured can not maintain an action against him nor against any other person.” In the case in Dunford & East, Buller said he was clear the action could not be maintained upon general principles, and he was *also of opinion that the provision in the act for making compensation would also forbid the idea of any action being maintained. The provision for making compensation was nearly the same as in the act of March 7, 1835, amending the charter of incorporation of the town of *509 ■Cleveland. It will be observed that the indirect injury which may be done to private property by lowering or raising a street, ■does not come within section 4, of article 8, of the constitution of ■Ohio. Private property is not taken for public uses, but a damage or inconvenience only is sustained by private property. Ample provision, however, has been made by the law for remunerating the plaintiff, and if he does not choose to avail himself of it, he certainly can not succeed in this action. Infinite mischief would be the consequence if he could. No man could be found •bold enough to engage in any public trust, if the law which invested him with authority were to be converted into a weapon of •defense against himself.
As neither upon precedent nor upon principle, can this action be sustained, a new trial must be granted.